United States Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Woody Anglade
Trial Attorney

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) ) | |
| EASTERN MANUFACTURING, INC. (SUBSIDIARY OF EASTERN MANUFACTURING, INC., LANGHORNE, PA) (DIVISION OF EASTERN MANUFACTURING, INC., LEVITTOWN, PA) | ) ) ) ) ) | COMPLAINT JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of sex

and to provide appropriate relief to Ruthann Williams-Mills, a minor.  As articulated with greater

particularity in paragraph 7 below, the Commission alleges that during Ms. Mills' employment,

Defendant's supervisor, James Diamond, and Defendant's employees, Wilfredo Crespo and James

Robinson, subjected Ruthann Williams-Mills to sexually explicit, insulting, and derogatory

comments and conduct which created a sexually hostile and offensive work environment for her as

a female. The Commission alleges that despite numerous complaints by Ms. Mills, Defendant failed

to undertake any remedial action to stop the offensive and discriminatory conduct.  As a result of the

sexual harassment, the Commission alleges that Ruthann Williams-Mills was forced to resign from her employment and was constructively discharged from her position as a Boxer. She suffered severe emotional distress and damages as a result of the illegal conduct of the Defendant.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) and (3), ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Eastern Manufacturing, Inc. ("Eastern Manufacturing") has continuously been and is now doing business in the State of Pennsylvania and the towns of Levittown and Langhorne, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Employer had continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

### STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Ruthann Williams-Mills

2

filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

      7.      Since at least 2001, Defendant Employer has engaged in unlawful employment practices at its Levittown, Pennsylvania facility, in violation of section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and 2000(e)-3(a)(1), by subjecting Charging Party Ruthann Williams-Mills to a sexually hostile and abusive work environment. Specifically, Defendant's employee-supervisor, James Diamond, and Defendant's employees, Wilfredo Crespo and James Robinson, regularly and pervasively subjected Ms. Mills to unwelcome sexual advances, inappropriate sexual comments, uninvited sexually explicit language and remarks, and unwelcome egregious physical touching and contact, on a regular and on-going basis.

      (a)      Ruthann Williams-Mills began working for Defendant Employer as a Boxer for approximately eighteen (18) months between August 2000 until her constructive discharge on January 2002. She was fifteen (15) years old and a high school sophomore at the time.[1] James Diamond was assigned as her immediate supervisor. Ms. Mills continued to work part-time throughout the school year.

      (b)      Approximately a year after she began working with Eastern Manufacturing, when she was sixteen (16) years old and a high school junior, Supervisor James Diamond, Wilfredo Crespo and James Robinson began to subject Ruthann Williams-Mills to a pattern of unwelcome and uninvited sexual harassment.

      (c)      Specifically, Mr. Diamond periodically asked Ms. Mills to date him, and at times commented to Ms. Mills that she had a nice buttocks. He often made these offensive and

---

[1] Ms. Mills dob is 4/9/85.

inappropriate comments in the presence of other Eastern Manufacturing employees, such as Crespo and Robinson. On each occasion, Ms. Mills rejected the advances and requests for dates and objected to the inappropriate comments referencing her body parts made by her supervisor, Diamond.

(d)    Wilfredo Crespo even more frequently asked for dates and made sexually offensive comments to Ms. Mills. For example, Crespo often told Ms. Mills that she had "lickable lips," she was probably a good kisser, she had a nice buttocks, and that he liked "big girls."[2] Ms. Mills further alleges that Crespo would often attempt to grab her. His offensive comments and advances were often made in the presence of other employees such as Diamond and Robinson.

(e)    James Robinson also made sexually inappropriate comments and advances to which Ms. Mills objected.

(f)    Ms. Mills consistently objected to each sexually inappropriate comment and advance made by Diamond, Crespo and Robinson. Further, she repeatedly asked Supervisor Diamond to put an end to Crespo, Robinson and Diamond's own harassing behavior.

(g)    Despite her complaints, Diamond failed and refused to take corrective action and simply did nothing, allowing the sexually hostile work environment to exist.

(h)    On January 12, 2002, Wilfredo Crespo and James Robinson subjected Ms. Mills to an egregious and deplorable incident, which offended and intimidated Ms. Mills and ultimately forced her constructive discharge from her position.

(i)    On January 12, 2002, James Robinson asked Ms. Mills to take off her "panties" so that he could hang them up on his wall, and "jerk off" while smelling them. Robinson then starting

---

[2] Ms. Mills was heavy set at the time.

4

rubbing Mills' shoulders against her objection, and made offensive comments to her about "table dances," and "head jobs." Supervisor Diamond was present during some of the behavior on this date.

(j) During this same exchange on January 12, Wilfredo Crespo joined in the offensive conduct and also made inappropriate comments to Ms. Mills about "table dances" and "head jobs. He then lifted her shirt, told her that she had a "nice ass" and grabbed her buttocks. Ms. Mills alleges that Crespo then told her that he did not care about her being with one guy, but the word was out that she was "f- -king" her supervisor Diamond. Crespo then called Ms. Mills a slut and yelled other obscenities at her, and threatened Ms. Mills if she reported the incident.

(k) Ms. Mills immediately complained to James Diamond about the sexually offensive, intimidating and harassing behavior and physical attacks by Crespo and Robinson. Much of which Diamond had personally observed. Despite complaining, Diamond did nothing and did not stop it.

(l) Despite repeated objections and constant complaints from Ruthann Williams-Mills, Defendant Employer took no corrective action to cause the wrongful conduct to end.

(m) At all relevant times, James Diamond was the supervisor and well aware of the conduct, but failed to stop or correct the offensive, harassing and violative behavior, thus imputing responsibility for the conduct to Defendant Employer, Eastern Manufacturing.

(n) Defendant Employer knew or should have known about the harassment, but failed to take prompt and effective remedial measures to correct the hostile work environment.

(o) Defendant Employer did not have an anti-harassment policy; did not have a complaint process to address issues of harassment or employment discrimination in the workplace; nor did it have an identified individual to take, handle or investigate complaints of harassment or employment

5

discrimination in the workplace.

(8)    The effect of the practices complained of in paragraph 7(a) through (o) above has been to deprive Ruthann Williams-Mills of equal employment opportunities and otherwise affect her status as an employee because of her gender (female).

(9)    The acts complained of in paragraph 7 were intentional.

(10)    The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Ruthann Williams-Mills as a female.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, disparate treatment, constructive discharge, and any other employment practice which discriminates on the basis of sex.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to institute and carry out a complaint procedure which encourages employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

D.    Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to

6

actively monitor their work areas to ensure compliance with policies on non-discrimination; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

E.     Order Defendant Employer to make whole Ruthann Williams-Mills by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F.     Order Defendant Employer to make whole Ruthann Williams-Mills by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7, 8 and 9 above, including but not limited to out-of-pocket losses in amounts to be determined at trial.

G.     Order Defendant Employer to make whole Ruthann Williams-Mills by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7, 8 and 9 above, including pain and suffering, humiliation, embarrassment, and loss of life's pleasures, in amounts to be determined at trial.

H.     Order Defendant Employer to pay Ruthann Williams-Mills punitive damages for its malicious and reckless conduct described in paragraphs 7, 8 and 9 above, in amounts to be determined at trial.

I.     Grant such further relief as the Court deems necessary and proper in the public interest.

J.     Award the Commission its costs of this action.

7

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L. Street, NW
Washington, DC 20507

JACQUELINE H. MCNAIR
Regional Attorney

IRIS A. SANTIAGO-FLORES
Acting Supervisory Trial Attorney

WOODY ANGLADE
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
The Bourse Building
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Telephone (215) 440-2814

8